[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14981
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cv-80134-DTKH

FANE LOZMAN,

Plaintiff-Appellant,

versus

CITY OF RIVIERA BEACH,
a Florida municipal corporation,

Defendant-Appellee,

MICHAEL BROWN,
an individual, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2017)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Fane Lozman, proceeding pro se, appeals the district court's order taxing costs to the City of Riviera Beach ("the City") as the prevailing party under Federal Rule of Civil Procedure 54(d), following a trial in Lozman's § 1983 suit.[1] Lozman argues that although the jury found for the City on each of his claims, the district court should have exercised its discretion to deny costs. He also argues the district court abused its discretion by awarding costs that were not taxable. After careful review of the record, we affirm.

Rule 54(d) of the Federal Rules of Civil Procedure provides that a prevailing party is entitled to an award of costs. Fed. R. Civ. P. 54(d)(1). This provision "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). To defeat this presumption and deny costs in full, a district court "must have and state a sound basis for doing so." Id. at 1039.

A prevailing party is entitled to the costs enumerated in 28 U.S.C. §§ 1821 and 1920. The district court may tax costs for: (1) fees of the clerk and marshal;

---

[1] Lozman separately appealed the judgment against him on the merits. We affirmed the jury's verdict finding for the City on all claims. See Lozman v. City of Riviera Beach, No. 15-10550 (11th Cir. February 28, 2017).

2

(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) fees for court-appointed experts and interpreters.  28 U.S.C. § 1920.

We review a district court's decision on whether to award costs to the prevailing party for a clear abuse of discretion.  Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc., 134 F.3d 1458, 1468 (11th Cir. 1998).  An abuse of discretion occurs if the district court bases an award of costs upon findings of fact that are clearly erroneous.  Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).

The district court did not abuse its discretion by finding that the City was entitled to costs as the prevailing party, because the jury found for the City on all counts.  Lozman argues that although the City prevailed at trial, the district court should have exercised its discretion to deny costs because his claims survived summary judgment, he litigated in good faith, the case was a "close call," and he alleges the City committed misconduct in the litigation.  The district court's determination that these arguments were not sufficient to overcome the presumption in favor of taxing costs was not an abuse of discretion.

Neither did the district court abuse its discretion in the costs it awarded. First, all of the City's service of process costs were taxable, even without a

3

showing that they were necessary.  28 U.S.C. § 1920(1).  Second, the district court properly awarded costs for the objected-to depositions, the transcripts of the state-court eviction trial, and trial transcripts from this case, because fees for transcripts are taxable if they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and Lozman has not shown that the district court clearly erred in its determination that they were necessary here.

Next, the court correctly awarded costs for the City's witnesses.  While not all of the witnesses the City subpoenaed for trial were ultimately called to testify, the fact that a witness did not, in the end, testify at trial does not preclude the district court from awarding costs for expenses incurred in securing that witness's presence at trial.  See Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985).

Finally, the district court properly awarded the City its copy costs associated with the City Council meeting minutes (which were introduced as exhibits at trial), paper copies of trial exhibits, and electronic copies of trial exhibits, because copies of trial exhibits are taxable as costs and the documentation provided by the City was sufficient.  Cf. Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).

In sum, the district court did not abuse its discretion in awarding the City its costs as the prevailing party or in its evaluation of the City's claimed cost amounts.

4

**AFFIRMED.**